## MILLIKEN & als. versus LORING.

One of the partners may lawfully assign to a creditor thereof, a demand due to the partnership, *after its dissolution.*

If one summoned as trustee is notified, that the debt by him owing, has been assigned to a third person, and neglects to disclose such assignment, the trustee judgment and payment of it on a legal demand, furnish to him no protection against the claims of the assignee.

ON REPORT from *Nisi Prius,* SHEPLEY, C. J., presiding.

ASSUMPSIT, on an account annexed to the writ. The action was brought for the benefit of one Warren, plaintiffs' *assignee.*

Defendant was indebted to the plaintiffs as co-partners. After the company was dissolved, one of the plaintiffs assigned the demand in suit to a creditor of the firm, in payment of his debt. Subsequently, the defendant, in a suit against the plaintiffs, was summoned as their trustee. He was duly notified of the assignment, but was defaulted. An officer, with the execution, demanded the amount in his hands, within thirty days after judgment, and he subsequently paid it to the attorney in that suit, and the amount was indorsed upon the execution.

The case was submitted to the full Court.

*Poor & Adams*, for defendant.

The assignment to Warren is void, being made by one partner, after dissolution, without authority. One partner cannot thus "impose new obligations upon the firm, or vary the form or character of those already existing." 3 Kent's Com. 2, note; Collyer on Part. § § 118, 121, 545, 546; Story on Part. § § 458, 459.

One of the plaintiffs, by his assignment, attempted to make a *new contract* for the firm, which he had no power to do. *Perrin* v. *Keene*, 19 Maine, 355; *Bank* v. *Norton*, 1 Hill, 572; *Bell* v. *Morrison*, 1 Pet. 351.

Plaintiffs owned, as tenants in common, the money in defendant's hands, and one could not assign the portion belonging to the other without express authority. *Parker* v. *Macomber*, 18 Pick. 505; *Sanford* v. *Nichols*, 4 Johns. 224; *Canfield* v. *Hurd*, 6 Conn. 180.

It is not an assignment of Milliken & Co. and has no validity against attaching partnership creditors. One partner cannot sell his individual interest in a specific part of the partnership property. 5 Mason, 56; *Perrin* v. *Keene*, 19 Maine, 355; *Lovejoy* v. *Bowers*, 11 N. H. 404.

*Butler*, for plaintiff.

1. The assignment to plaintiff in interest, being made to pay a partnership debt, was valid, although made by one of the partners after dissolution. Story on Part. § § 325, 328; Collyer on Part. § 546; *Darling* v. *March*, 22 Maine, 184; 7 N. H. 568.

2. The assignment being valid, and due notice having been given to defendant, before he was called upon to disclose, he should have made a full disclosure, but neglecting so to do, he is not protected by the judgment in the trustee suit, and the payment was in his own wrong. Cushing on Trustee Process, § § 185, 290, 293.

3. The assignee, not being a party to that suit, is not concluded thereby and may avoid the same by plea and proof. *Andrews* v. *Herring*, 5 Mass. 210; *Hawes* v. *Waltham*, 18 Pick. 451.

HOWARD, J. — Upon the dissolution of a partnership, the authority to make new contracts ceases, and neither of the partners can make use of the estate, inconsistent with the settlement of the concerns of the partnership. But, as the association is held for past transactions, the connection subsists in a qualified sense, and each member has the same power as before the dissolution, to collect debts due to the partnership, and to liquidate and settle accounts, and to apply the partnership funds and effects to the payment of debts; and for that purpose the powers and duties of the partnership continue until the concerns of the association are closed up. Gow on Part. 253; Collyer on Part. § 546; Story on Part. § 328; *Darling* v. *March*, 22 Maine, 184; *Morse* v. *Bellows*, 7 N. H. 568. The powers are requisite to the fulfillment of the duties and obligations of the partnership.

A debt was due to Warren from the firm, before dissolution, and it was competent for either of the partners to pay it with partnership effects. If the creditor chose to take an account against the defendant, in lieu of money, in payment of his debt, we do not perceive any legal or equitable objection to that method of settling and paying his claim by one of the partners, in the name, and for the benefit of the partnership. The operation of the assignment was but an application of the effects of the partnership to the payment of a debt. The transaction violated no rule of law, and did not create any new obligation or contract, on the part of the partnership, or operate unfavorably to others; but would seem to facilitate the closing up the affairs of the partnership, and accomplishing the objects for which its qualified existence was prolonged. The law, in upholding the assignment, will lend its aid to the assignee, to collect the account in the name of the firm.

The plaintiff is not concluded by any examination of the trustee; and he has shown that the latter did not disclose the assignment, of which he had been notified, but suffered judgment to go against himself by default, and in his own

wrong. That judgment furnishes the defendant no protection against the claim of the plaintiff in interest. *Bachelder* v. *Merriman,* 34 Maine, 69; *Andrews* v. *Herring,* 5 Mass. 212; *Howes* v. *Waltham,* 18 Pick. 451.

*Defendant defaulted.*

SHEPLEY, C. J., and HATHAWAY, RICE and CUTTING, J. J., concurred.